UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| **JOHN WALTER, III,**<br><br>Plaintiff,<br><br>vs.<br><br>**SHANK,**<br><br>Defendant. | **2:22-CV-10821-TGB-DRG**<br><br><br>**OPINION AND ORDER OF SUMMARY DISMISSAL** |

Michigan prisoner John Walter, III ("Plaintiff"), currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, he alleges that Corrections Officer Shank ("Defendant") conducted a shakedown of his cell and filed a false misconduct report against him for possessing an Allen wrench in his footlocker in retaliation for his having told a fellow prisoner: "It's a shame the way certain inmates strut around thinking they're tough." Plaintiff sues Defendant in his personal capacity and seeks injunctive relief and monetary damages The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

Having reviewed the Complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under § 1983. The Court also concludes that an appeal cannot be taken in good faith.

1

## I.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this standard does not

require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## II.   ANALYSIS

Plaintiff's complaint is subject to dismissal. First, to the extent Plaintiff challenges the outcome of the disciplinary proceedings, he fails

to state a claim for relief. False accusations of misconduct against an inmate do not constitute a deprivation of constitutional rights when the charges are adjudicated in a proper administrative hearing. *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Plaintiff fails to allege facts showing his disciplinary proceedings involved any violations of his rights as defined in the governing case law. For example, under the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), the minimum due process requirements for a prison disciplinary hearing are: (1) written notice of the charges; (2) an opportunity to call witnesses and present evidence; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon and the reason for any action taken. Plaintiff does not allege these requirements were lacking. Nor does he claim a violation under *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985), which ruled that a disciplinary hearing decision must be supported by "some evidence" in the record.

Conclusory allegations without material supporting facts are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state a claim under § 1983 as to this issue. *See Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005) (citing *McMillan v.*

*Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005), and *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)).

Second, to the extent that Plaintiff alleges that the misconduct charge was brought in retaliation for his comment to a fellow prisoner, he also fails to state a claim for relief. To state a retaliation claim, a plaintiff must allege: (1) that he or she engaged in protected conduct, (2) that an adverse action was taken against him or her that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). A plaintiff bears the burden of proof on all three elements. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

While Plaintiff alleges facts to support the first two elements of a retaliation claim, he fails to allege sufficient facts to show a causal connection between (1) his relatively inoffensive comment to a fellow prisoner about other unidentified prisoners and (2) the misconduct charge against him. Plaintiff fails to clearly set forth a timeline or other facts suggesting that his comment is what led to the cell search and misconduct charge. He does not provide any facts which plausibly suggest that Defendant Shank's conduct was motivated by a desire to retaliate. To properly allege that a defendant acted due to a retaliatory motive, a plaintiff must articulate specific material facts showing that such a

5

motive existed. Merely making conclusory allegations will not state a claim for relief. *See, e.g., Haertel v. Michigan Dep't of Corr.*, No. 20-1904, 2021 WL 4271908, \*3 (6th Cir. May 11, 2021); *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010). Plaintiff's vague allegations fail to state a claim upon which relief may be granted under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d 390-91; including a retaliation claim. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004). His Complaint must therefore be dismissed.

## CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his civil rights complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**, this 28th day of July, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge